FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 07, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON LEE SUTTON,<br><br>                Plaintiff,<br><br>   v.<br><br>BERNARD WARNER, DONALD HOLBROOK, STEVEN FLEENOR, and RACHEL SMITH,<br><br>                Defendants. | NO: 4:15-cv-05123-MKD<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>ECF Nos. 49, 54 |

BEFORE THE COURT are the following motions: (1) Plaintiff's Motion for Appointment of Counsel (ECF No. 54); and (2) Defendants' Motion for Protective Order (ECF No. 49). These matters were submitted for consideration without oral argument. The Court has reviewed the briefing, the record, and the files herein, and is fully informed.

## DISCUSSION

**A. Plaintiff's Motion for Appointment of Counsel (ECF No. 54)**

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has moved for appointment of counsel pursuant to 28 U.S.C. § 1915. ECF No. 54. Plaintiff contends that he needs an attorney to assist him in the discovery process and drafting summary judgment pleadings. ECF No. 54 at 1-2. Section 1915(e)(1) vests a district court with discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1951(e)(1) is reserved for "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). In evaluating whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *see also Terrell*, 935 F.2d at 1017.

In his motion, Plaintiff has made no effort to address the "exceptional circumstances" requirement. Plaintiff contends, without explanation, "that this case will become complex, if not already complex." ECF No. 54 at 3. Having reviewed the file, the Court concludes that exceptional circumstances are not present. This is not a particularly complex case and Plaintiff has demonstrated a strong ability to articulate his claims *pro se*. Plaintiff has engaged in motion

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 2

practice related to subpoenas and depositions (*see, e.g.*, ECF No. 33, 38, 44). At this juncture, the Court finds that Plaintiff has demonstrated a reasonable ability to articulate his claims.

While Plaintiff's claims have survived initial screening, it does not appear (at least at this early stage of the proceedings) that they are exceptionally meritorious. The Court is unpersuaded that exceptional circumstances exist at this time which would warrant the appointment of counsel.

Plaintiff's Motion, **ECF No. 54**, is **denied** with leave to re-file at a later time.

Plaintiff further states "[b]ecause Sutton believes he has located an attorney to assist him in the prosecution of this case, Sutton needs an Order from this Court, granting permission for the below attorney to get involved in this civil action." ECF No. 54 at 2. Plaintiff contends that an attorney from the Human Rights Defense Center, in Lake Worth, Florida, may be interested in assisting Plaintiff. If this attorney is engaged by Plaintiff, either retained or agrees to represent Plaintiff pro bono, the attorney needs to follow the local court rules set forth for entering a notice of appearance. No court order is necessary.

**B. Defendants' Motion for Protective Order (ECF No. 49)**

Defendants seek a protective order, relieving them of the obligation to comply with Plaintiff's discovery request that Plaintiff or his designee be allowed to video-record mailroom operations at the prison at Walla Walla, along with recording the process of "rejecting incoming/outgoing U.S. mail." ECF No. 49 at 2.

Defendants raise two objections to Plaintiff's request. First, the mailroom is "outside the secured perimeter" (outside prison walls), which they allege would require "unduly burdensome logistical planning" and consume an inordinate amount of staff resources in order to have correctional officers inspect the entire mail room and inventory and secure/remove any dangerous items before Plaintiff could enter the area, have two guards transport Plaintiff with the requisite security measures, and have two guards monitor Plaintiff while in the mailroom. ECF No. 49 at 3 (citing Gonzalez Decl., ECF No. 50 at 2-3).

Second, Defendants contend the requested inspection exposes the Washington State Penitentiary and other DOC prisons to significant security risks, including: allowing Plaintiff to gather information regarding how mail is inspected, the amount of time spent inspecting each piece of mail, the type of testing (and the random nature of such testing) that the mailroom conducts on

incoming/outgoing mail for contraband (*e.g.* drugs, meth-soaked paper, coded messages, gang communications, etc.), and allowing Plaintiff to identify and learn about the overall systems to determine the system's strengths and weaknesses. ECF No. 49 at 3 (citing Gonzalez Decl., ECF No. 50 at 3-4). Defendants are concerned this sensitive data could be spread among the other inmates, which could lead to exploitation of the processes by inmates and introduce contraband into the prison. *Id.*

Defendants further contend that Plaintiff's request is excessive, irrelevant, and not proportional to the needs of this case. ECF No. 49 at 2. Specifically, Plaintiff's claim involves two outgoing letters that were rejected by the mailroom in 2015, and alleged retaliation by prison staff. ECF No. 49 at 2-4.

Federal Rule of Civil Procedure 34 permits a party to "serve on any other party a request within the scope of Rule 26(b) ... to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2).

However, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including one or more of the following: (1) prohibiting disclosure or

discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1); *see also Razo v. Timec Co., Inc.*, No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016).

Following the recent amendments to the Federal Rules of Civil Procedure in December 2015, Rule 26 now provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors that must be considered in weighing proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Razo v. Timec Co., Inc*., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016). Discovery need not be admissible in evidence to be discoverable. *Id.; see also Salazar v. McDonald's Corp*., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016).

Moreover, Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). To obtain a protective

order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. *Meyer v. Schwarzenegger*, No. CIVS06-2584LKKGGHP, 2009 WL 1020838 at *1 (E.D. Cal. Apr. 14, 2009). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Meyer*, No. CIVS06-2584LKKGGHP, 2009 WL 1020838 at *1. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. *See* Fed. R. Civ. P. 26(c); *Bishop v. Lopez*, No. 115CV00273LJOSABPC, 2016 WL 1587080, at *1 (E.D. Cal. Apr. 20, 2016), *reconsideration denied,* No. 115CV00273LJOSABPC, 2016 WL 2625917 (E.D. Cal. May 9, 2016); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL

1  912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding

2  documents containing information which implicated the safety and security of the

3  prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D.

4  Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of

5  information asserted to risk jeopardizing safety and security of inmates or the

6  institution if released).

7        Defendants show good cause for issuance of a protection order.  The

8  identified security concerns are clearly articulated and support limitations on the

9  type of discovery that Plaintiff seeks, *i.e.*, Plaintiff's ability to videotape and

10  observe the prison's mail room procedures.

11        Here, the Court finds that Plaintiff's proposed discovery, inspection of the

12  prison mail room, exceeds the proportional needs of the case, given the narrow

13  scope of Plaintiff's claim.  Moreover, Plaintiff has alternative means available to

14  him to obtain relevant information regarding the handling of prison mail, including

15  requesting document production regarding the mail room procedures,

16  interrogatories, and seeking deposition testimony of individuals who work in the

17  mailroom.

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND
GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER - 8

1   Defendants' motion for a protective order, **ECF No. 49,** is **granted**.

2   **IT IS SO ORDERED.**  The Clerk of Court shall enter this Order, and

3   forward copies to the parties.

4   DATED November 7, 2016.

5   s/ *Mary K. Dimke*<br>Mary K. Dimke<br>United States Magistrate Judge